Garrison v. Savignac.

GARRISON, Respondent, v. SAVIGNAC, Appellant.

1. A person in possession of premises at the commencement of an action of ejectment, to which he is not made a party, can not be dispossessed by virtue of a writ of *habere facias possessionem* issued under a judgment for plaintiff in said suit.
2. If in the execution of such writ a person in possession of the premises at the commencement of the suit, and not a party thereto, is dispossessed, and possession given to the plaintiff, and upon the removal of the force the person dispossessed returns to the possession, the plaintiff will not thereby acquire such a possession by the execution of the writ as will entitle him to sustain an action of unlawful detainer against the person so returning to the possession.

*Appeal from St. Louis Land Court.*

This was an action of unlawful detainer commenced October 10, 1854. The plaintiff, Abraham Garrison, in his complaint, charges that on the 19th and 20th days of August, 1854, he was lawfully possessed of the premises in controver-

sy ; that, being so possessed thereof, the defendant, Francis
Savignac, on or about the 23d day of August, 1854, wrong-
fully and without force, by disseisin, obtained possession of
the same, &c. The cause was taken to the St. Louis Land
Court by certiorari. The plaintiff introduced in evidence the
original record and proceedings in an action of ejectment in
which Abraham Garrison, plaintiff in this action, was plain-
tiff, and Alfred Savignac defendant. In said action of eject-
ment in the Circuit Court of the United States, in which said
Garrison sought to recover the premises in controversy in the
present suit, a recovery was had by the plaintiff, and a writ
of *habere facias possessionem* was issued, and the marshal of
the United States puts the said Garrison in possession, by his
agent, of said premises, and removed from the possession of
same Francis Savignac, the defendant in the present suit.
The said Francis was not a party to the said action of eject-
ment. The evidence introduced by plaintiff also showed that
Francis Savignac lived upon the premises at the time of the
execution of said writ ; that he refused to deliver up the pre-
mises when demanded by the marshal, saying that he was not
defendant in the ejectment suit ; that he and his furniture
were then (August 19th, 1854,) removed by force ; that the
family of said Francis Savignac the next morning after the
forcible removal, and said Savignac a day or two thereafter,
resumed the possession of said premises ; that a demand in
writing had been made for the possession of said premises by
plaintiff.

Defendants introduced evidence showing that Francis Sa-
vignac had been in possession, and the only person in posses-
sion, for several years before the institution of the ejectment
suit against Alfred Savignac ; also that the judgment for plain-
tiff in said suit had since been reversed by the Supreme Court
of the United States.

The court, at the instance of the plaintiff, then gave to the
jury the following instructions : " 1. The writ of possession
read in evidence by the plaintiff commands the marshal to
put the plaintiff in possession of the land described therein
without reference to the persons who may be in possession at

the time the writ issues; it does not tell the marshal to put any particular person out of possession, but to put all persons out except the plaintiff, who is to be put into possession. 2. If the jury find for the plaintiff they must find the value of the premises monthly, and assess the damages sustained by the plaintiff by reason of the unlawful entry and detainer."

The defendant then asked the following instruction, which was given : " 1. The court instructs the jury that unless they believe from the testimony before them in this case that the plaintiff Abraham Garrison had been, or was personally, or by his agent duly authorized, in actual possession of the premises in contest prior to the 20th day of August, 1854, plaintiff can not recover in this case."

Defendant also asked the following, which were refused : " 2. The court instructs the jury that if they find from the evidence in this case that the defendant was in peaceable lawful possession of the premises in dispute prior to and up to the 19th day of August, 1854, and that on that day the defendant was ejected from the premises by the United States marshal, on proceedings alleged to be legal proceedings, and the possession thereof delivered by said marshal to any other person than the plaintiff himself personally, then the plaintiff can not recover in this case, unless it shall be shown by the testimony in this case that said possession was delivered to said person with the knowledge and consent of said plaintiff, and that said person was specially authorized by the said plaintiff as his agent to receive said possession. 3. The court instructs the jury that if the defendant was in possession prior to the filing of the suit read in this case of Abraham Garrison v. Alfred Savignac, in the United States Court, and was not a defendant in said suit, that the execution issued from the United States Court in that case did not authorize the marshal to expel Francis, the defendant in this case, from his possession, and in that case the plaintiff had not a legal right to the possession of the premises. 4. The court instructed the jury that if the possession of the premises in dispute was taken from the defendant on the 19th day of

August, 1854, by the United States marshal, and delivered to any other person or persons than the plaintiff, and that said persons or either of them were acting as general agents or attorneys in fact for said plaintiff, legally authorized by him to act as such, without special reference to the possession of said premises as passing from said United States marshal to said persons, and without special authority, directions or agency to receive said possession, and that said possession was taken by said United States marshal in pursuance of an execution issued on a judgment in the Circuit Court of the United States for the district of Missouri, in favor of said plaintiff, against said defendant, and that at said time said cause was depending in the Supreme Court of the United States on a writ of error, and that since said time said judgment has been reversed in said Supreme Court, that then the plaintiff in this case had not a legal right to the possession of the premises in question on or before the 23d day of August, 1854, and can not in this case recover. 5. This section is a statutory provision in derogation of the remedies at common law, and must be strictly construed. If the jury find from the evidence that every requisition of the statute has not been fully complied with strictly by the plaintiff, they must find for the defendant. 6. Before the plaintiff can recover in this action, he must show a *legal right to the possession of the reality in question.* If the jury find from the evidence that the plaintiff has failed to establish a legal right thereto they must find for the defendant. 7. A 'legal right' to the possession of reality is *that which is founded on a just and rightful claim of the peaceful occupation and enjoyment thereof by ownership therein*, whether the same be absolute or qualified, perpetual or limited. If the jury find from the evidence that the plaintiff has failed to show such just and rightful claim to the peaceful enjoyment and occupation of the property in question by an ownership thereof, whether absolute or qualified, in perpetuity, or limited, at the time of the alleged disseisin, they must find for the defendant.".

*Morehead*, for appellant.

I. The plaintiff had not the legal right to the possession, as his own evidence shows. The execution was against Alfred Savignac, who was not and never had been in possession. It may be said that the marshal was compelled to execute fully the process in his hands. It might be a justification for the officer, but can not confer upon the plaintiff the legal right. The writ should only have required the marshal to turn out the defendant in the ejectment suit, and all persons who held under him or came into possession after commencement of the suit. On the 10th of October, 1854, when the demand in writing was made, the plaintiff had not a legal right to the possession. Only a person who has been in possession can maintain a legal right to the possession. (11 Mo. 605.) The plaintiff had never been in possession. Constructive possession is not sufficient. (6 J. J. Marsh. 346.)

*Krum & Harding* and *T. T. Gantt*, for respondent.

I. It does not appear that all the evidence heard on the trial is preserved in the record.

II. It was incumbent on the plaintiff to show himself legally in possession before the disseisin by the wrongful act of the defendant. It was competent for him to show that he was lawfully put in possession under the writ of *habere facias possessionem*. The writ and the judgment under which it was issued are legal and competent testimony. To entitle the plaintiff to recover it was necessary that he should show, 1st, that he had been in the lawful possession of the premises in question, and 2d, that the defendant wrongfully and without force by disseisin obtained possession of the premises. The testimony abundantly shows that the plaintiff was in lawful possession of the premises. It is equally clear that the defendant wrongfully by disseisin got possession. The instructions given by the court put the case both as to the law and the facts fairly before the jury. (8 Mo. 276; 14 Mo. 17, 434.)

SCOTT, Judge, delivered the opinion of the court.

It is evident that as far as the merits of this case are concerned they are all against the plaintiff, as the possession,

the disturbance of which he complains, was obtained by means of a writ of a *habere facias possessionem* which issued on a judgment, which since the execution of the writ has been reversed.

The defendant in the original suit, Alfred Savignac, and against whom the writ of *habere facias possessionem* was issued, testified that he never was in possession of the lot in controversy. The defendant in this proceeding, Francis Savignac, was turned out of the possession of the lot by the marshal, though he was no party to the suit, was not named in the writ, and though he had been in the undisturbed possession of it for six years prior to the bringing of the suit.

Had application been made to the court whence the *habere facias possessionem* issued, we see no reason why the court would have refused to award restitution, as it would not suffer its process to be perverted to the oppression of those who were no parties to it. It is said to be a settled rule of practice that no tenant who was in possession anterior to the commencement of an ejectment, can be dispossessed upon a judgment and writ of possession to which he is no party. (Ex parte Reynolds, 1 Caines, 500; Hickman v. Dale, 7 Yerg. 149; McCord's heirs v. McClintock's heirs, 5 Litt. 305.) If the defendant Savignac had refused obedience to the process of the officer, as he had a right to do, it not being against him, the court, under the circumstances, never would have allowed a writ of attachment against him. (Adams on Ejectment, 310.)

As the officer had no authority to dispossess the defendant, and as the defendant refused submission to his authority, but yielded to force, and returned to his possession so soon as the force was away, we can not say that the plaintiff by such means acquired such a possession as would entitle him to the remedy he has adopted. It is clear that if the officer had applied to the court for aid in dispossessing the defendant it would have been refused him, and there is no reason why the plaintiff, by taking the law in his own hand, should be in a better situation than if he had appealed to the law.

We are of opinion that a sanction given to this proceeding would be the means of creating a precedent that might be productive of much injustice and oppression. Just think of it! A man who has been in possession of his premises for six years; another, wishing to obtain possession of them, will not sue the actual occupant, but brings a suit against a stranger who never was in possession of the premises—who neither knows nor cares any thing about them. Against such a defendant a judgment is a thing of course. A writ is afterwards sued out, and the real tenant, who is no party to the proceeding, and who may never have heard of it, is turned out of house and home without a moment's warning. The mere possession of land is frequently a matter of much importance where there is to be litigation respecting its title, and by sanctioning this proceeding an opening will be made whereby one may obtain possession of land, his title to which he was unwilling to expose in a court of justice. The case of Higginbotham v. Higginbotham & Clark, 20 B. Mon. 309, is one in which the same defence to a writ of forcible entry and detainer was set up that has been made in this suit. The defendants did not succeed; but that was not on the ground that their defence was not properly conceived, but that the facts in evidence did not make it out; had the defence proved here been made out, the case is an authority for saying that it would have been a valid one. Judge Ryland concurring, the judgment will be reversed, and a judgment for the defendant; Judge Leonard absent.