Wainwright v. Rowland.

———◄●◉◎►———

WAINWRIGHT, Plaintiff in Error, v. ROWLAND, *et al.*, Defendants in Error.

1. A. instituted a suit for specific performance of an agreement to convey an undivided interest in certain premises, claiming also compensation for improvements made by him, with the consent of the vendor, upon a portion of said premises; the court rendered a decree vesting in A. an undivided interest of one-half, but allowing no compensation for improvements; *held*, that

A. would not be entitled, in a suit for partition, to have allotted to himself that portion of said premises upon which said improvements had been made or to have compensation made therefor.

2. Lands may be subdivided for purposes of sale, in an action for partition, as well as for partition in kind.

*Error to St. Louis Circuit Court.*

This was a suit for partition against the heirs of Ellis Wainwright. Plaintiff, to show title in himself, introduced a decree in a suit in chancery, commenced in the year 1849, in which the plaintiff in this suit was complainant, and the heirs of said Ellis Wainwright defendants. By this decree an undivided interest of one-half in the premises in controversy in the present suit was vested in the complainant. In the bill in chancery, which was for the specific performance of an agreement to convey, the complainant set forth that in the year 1848, by previous understanding and arrangement with the said Ellis Wainwright, he (complainant) had built, at his own expense and for his own use, a dwelling-house upon a portion of the premises embraced in the bill. The decree made no allowance to complainant for such improvements. Plaintiff offered to prove in this action that in the year 1848 he was the equitable owner of an undivided half of the premises described in the petition; that he and Ellis Wainwright (who held at the time the legal title to the entirety of said premises) were in possession of the same as owners in common; that in said year 1848, plaintiff, by consent of said Ellis, built a dwelling-house and appurtenances upon said premises for his own use, and paid for the same with his own money, and occupied and lived in said dwelling-house until after the decease of said Ellis; that said Ellis and plaintiff always considered said dwelling-house as the property of plaintiff, as equitably belonging to him; that said dwelling-house and appurtenances are permanent improvements, worth $850. The defendants objected to the introduction on the ground that the plaintiff was estopped by the decree. The objection was sustained. The plaintiff in his petition prayed the court

to allot to him that portion of the premises upon which said improvements had been made, or to compensate him for the improvements.

The commissioners in partition reported that the land could not be divided, and recommended that the same be sold in lots in accordance with a plat of the subdivisions made by themselves. The plaintiff moved to set aside the report and order of sale, 1st, because the commissioners had not set off to the plaintiff the part upon which he had erected his improvements ; 2d, because the commissioners had no authority to subdivide the land with a view to a sale ; 3d, because they had no authority to incur the expense of surveying.

*Whittelsey*, for appellant.

I. The plaintiff was entitled in the partition to have the part of the land upon which he had erected his improvements set off to him, or, if that could not be done, to receive compensation from the rents, or the proceeds of the sale. For this purpose he was entitled to have his rights determined by the decree. (Spitts v. Wells, 18 Mo. 468 ; 2 White & Tud. L. C. 503 ; Swan v. Swan, 8 Price, 518 ; Brookfield v. Williams, 1 Green Ch. 341 ; Conklin v. Conklin, 3 Sand. Ch. 64 ; St. Felix v. Rankin, 3 Edw. Ch. 323 ; Town v. Weedham, 3 Paige, 546, 553 ; Teal v. Woodson, 3 Paige, 470, 474.)

II. The decree vesting the title was no estoppel against the claim for improvements. The house had been built by plaintiff for his residence, with the consent of his co-tenant, and the cost of the improvements did not and could not go into the settlement of the partnership accounts of E. & S. Wainwright. The matter was not adjudicated as a matter of fact, and was therefore not a bar. (2 Smith's L. C. 443 ; Outram v. Morehead, 3 East, 346 ; 1 Greenl. E. 528 ; Arnold v. Arnold, 17 Pick. 7 ; Cow. & Hill's notes, 1 Phil. Ev. 321 ; Hopkins v. Lea, 5 Wheat. 109 ; Jackson v. Hunt, 10 Wend. 80.) Under the present code the pleadings are special, and the pleadings and judgment or decree offered in evidence show that the rest of these improvements did not go into the account or pleadings or decree. The judgment of the court

in the present case leaves the plaintiff liable to account for one-half of the rents of the property improved, whereas in equity he should be charged only with the one-half of the ground rents.

III. The commissioners had no authority to subdivide the lot except for partition in kind. (Act 1845, p. 767, secs. 20, 21, 22, 28.) The plat returned shows that the commissioners might have set off to the plaintiff part of his land, and thus have avoided part of the costs of sale.

*Gibson* and *Krum & Harding*, for defendants.

RYLAND, Judge, delivered the opinion of the court.

This was a suit for partition of a certain lot of ground lying in block No. 39 in the city of St. Louis, being the whole of the north-east quarter of said block 39, except twenty-three feet front on Main street, by sixty-two feet two inches on Almond street in depth. The plaintiff says he is owner in fee of one equal undivided half of said lot of ground. He alleges that he had erected a house upon the lot of ground held in common with consent of his co-tenant, and by his own means. He asks that this part of the lot on which he had built his house may be assigned to him without charging him with the value of the improvement, or that he may be allowed for the improvement so made by him. Upon the trial, it appeared that the plaintiff's title was derived under a decree of the Circuit Court of St. Louis county, sitting as a court of chancery, declaring him entitled to one undivided half of the lot upon a bill for a specific performance, in which bill the complainant (the present plaintiff) set forth the alleged fact as to his building of this very house, with his own means, and by his then co-tenant's consent. This claim was disregarded by the court in this present case, and the commissioners reported against a division in specie, and for a sale, and subdivided the lots by streets and alleys for the purpose of the sale. The plaintiff objected to this course, and brings the case here by writ of error.

The plaintiff showed no right to demand any thing for the building by him erected on the lot in question; no right to have that portion on which the building stood allotted to him by the commissioners. His title is derived under a decree in chancery. This building and the possession of it by plaintiff, and the averments about its being made and erected at the costs of the plaintiff individually, were all matters alleged in the bill in chancery; yet the decree only declares him entitled to an equal undivided half of the lot of ground; does not give him any claim to demand the particular price or part covered by his building, or to demand pay or remuneration for his building. He proved title to an undivided half of the lot—title, too, declared by a decree in chancery after the building had been erected. There is not the slightest ground for his demand of any particular portion of the lot to be partitioned off to him, or to be allowed for any building put on it by him.

The commissioners reported that a sale was necessary, the lot being incapable of partition in specie without injury to the owners; and in their judgment the lot of ground would bring more by being laid off by streets and alleys into lots. No doubt these commissioners were better qualified to decide upon this measure than the courts, and, having made their report, we shall not reverse the judgment below approving and confirming it.

In looking over the whole record of the proceedings below, we find nothing done of which the plaintiff has any right to complain. Let the judgment therefore be affirmed; the other judges concurring.