ANNA GOERGES, Respondent, *v.* HUFSCHMIDT and MOSBY, Appellants.

1. *Instructions — Refusal of evidence.* — Instructions not based upon evidence are properly refused.
2. *Ejectment — Tenant not a party to, not affected by.* — No tenant who was in possession anterior to the commencement of an ejectment suit can be dispossessed upon a judgment to which he was no party. (Garrison v. Savignac, 25 Mo. 53.)
3. *Forcible entry and detainer — Question of title not admissible.* — In an action of forcible entry and detainer, no question of title is admissible. All that devolves upon plaintiff in that proceeding is to show that he was lawfully possessed of the premises, and that defendant unlawfully entered into and detained the same.

*Appeal from Sixth District Court.*

*H. C. Lackland,* and *Wm. A. Alexander,* for respondent.

*Bruere,* and *Lewis,* for appellants.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought her action of forcible entry and detainer before a justice of the peace, and the cause was removed, by *certiorari,* to the Circuit Court. Upon trial in that court, the jury found a verdict for the plaintiff, and an appeal was taken to the District Court, where the judgment of the Circuit Court was affirmed, and the cause is now brought here by appeal.

It seems that the plaintiff had been in the possession of the premises in controversy for about five years, part of the time in conjunction with one McIntosh — she and McIntosh occupying separate rooms — she claiming to be the tenant of McCartney, and McIntosh being a mere intruder, holding under no one. The public schools claimed title to the property, and commenced an action of ejectment against McIntosh to recover possession. Immediately after service of the summons he vacated the premises, and judgment by default was rendered against him. A writ of restitution issued on this judgment, and the sheriff forcibly turned the plaintiff out of the house, together with a part of her furniture, though she was no party to the proceeding in ejectment, nor did her name appear in the

writ. After the dispossession, the plaintiff again regained quiet and .peaceable possession of the premises, and was thereafter assaulted and ejected by the defendant Hufschmidt, who claimed to be a lessee of the schools, and who put Mosby in as his tenant.

The principal error complained of in this court is the instruction given to the jury, which declared in substance that even if the sheriff did dispossess the plaintiff temporarily, yet if her name was not in the writ under which he acted, then the sheriff had no legal authority to dispossess her, and her right of possession was not disturbed thereby; and that if she returned to the possession, neither the schools nor defendants had the right to dispossess her by force afterward. It is insisted here that this instruction should have been so framed that the question whether the plaintiff went into possession as tenant to McIntosh could have been considered by the jury. But the conclusive answer to this is that there was no evidence on which to base such an instruction. There was no testimony whatever tending to show that the plaintiff went into possession and was a tenant under McIntosh after the commencement of the proceedings against him which resulted in the judgment and writ, and yet this fact must necessarily have existed before the plaintiff could have legally been affected by the writ.

In Garrison v. Savignac (25 Mo. 53) the court remarks : "It is said to be a settled rule of practice that no tenant who was in possession anterior to the commencement of an ejectment suit can be dispossessed upon a judgment and writ of possession to which he is no party." The act complained of, and the evidence, brings this case precisely within the statutory definition of a forcible entry, and no question of title was admissible. All that devolved on the plaintiff was to show that she was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained the same. (Gen. Stat. 1865, p. 731, § 16.) The injustice and oppression which might result from sanctioning such a proceeding as this is forcibly pointed out by Judge Scott, in his opinion in Garrison v. Savignac.

The judgment will be affirmed. The other judges concur.