Oakes v. Aldridge.

JOHN C. OAKES, Respondent, v. IREDELL ALDRIDGE, Appellant.

Kansas City Court of Appeals, May 25, 1891.

1. **Ejectment:** WRIT AGAINST THIRD PARTIES. Where a tenant in possession is not made a party to an ejectment proceeding his dispossession by force of the writ of restitution in such proceeding is unlawful.

2. **Forcible Entry and Detainer:** ACTUAL FORCE. It is sufficient upon which to base an action of forcible entry, that the entry be made against the will of him who is in peaceable possession ; there need be no actual force.

3. ———— : DAMAGES : END OF TERM. The foreclosure of a mortgage on the leased premises has the effect of ending a tenant's term ; and in an action of forcible entry and detainer, in estimating the rents and profits of the tenant, the time calculated should not exceed the tenant's term ; and though his term under his lease extends to March, yet, if the foreclosure takes place in the preceding August, his damages should not be calculated beyond that time.

*Appeal from the DeKalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED ( *with directions* ).

*Lester M. Hall, Robt. A. Hewitt, Jr.,* and *Randolph & Woodson,* for appellant.

( 1 )  " Forcible entry and detainer is not applicable in a case of a peaceful entry by one under color of title in himself, or as tenant of some person other than plaintiff." *Ferrell v. Lamar,* 1 Wis. 8 ; *Winterfield v. Strauss,* 24 Wis. 394.   This was also the English rule and is followed in New York   *The People v. Fields,* 1 Lans. ( N. Y.) 222, 224.  As the plaintiff's evidence tends to show that another than defendant ousted him, and that before defendant entered plaintiff's possession had been terminated, the case cannot be maintained under section 5088.  *McCartney's Adm'r v. Alderson,* 45 Mo. 35 ; *Armstrong v. Hendrick,* 67 Mo. 542 ; *Greenleaf v. Weakley,* 39 Mo. App. 191 ; *Blount & Baker v. Winright,* 7 Mo. 50 ; *Hatfield v. Wallace,* 7 Mo. 112 ; *Warren v. Ritter,* 11 Mo. 354 ; *Spalding v. Mayhall,* 27 Mo. 377 ; *Drehman v. Stifel,* 41 Mo. 184.  ( 2 )  The possession of the members of the family, or the servants, was the possession of John R. Oakes, and, under the writ of restitution against said Oakes and his wife, they could lawfully be removed from the premises. *Higginbotham v. Higginbotham & Clark,* 10 B. Mon. ( Ky.) 369 ; *Mattox v. Helm,* 5 Littell ( Ky.) 185 ; *Degraw v. Prior,* 68 Mo. 158 ; Freeman on Executions, sec. 475, p. 1483.  Our statute concerning forcible entry and detainer is taken from the statutes of Kentucky.  *Warren v. Ritter,* 11 Mo. 354.  We do not think the doctrine laid down in the following cases can, in any sense, be made to apply to the case at bar, as authority on which the plaintiff may maintain this suit.  *Garrison v. Savignac,* 25 Mo. 47 ; *Bernecker v. Miller,* 40 Mo. 473 ; *George v. Hufschmidt,* 44 Mo. 179.  A beneficiary in a deed of trust is not entitled to possession of the mortgaged premises after condition broken, before

Oakes v. Aldridge.

foreclosure, and if, on invitation of the mortgagor, he assumes possession, he is but the tenant at will or sufferance of the mortgagor, and his tenant can occupy no better position than his landlord, the *cestui que trust. Siemers v. Schrader*, 88 Mo. 20. ( 3 ) The finding of the court is excessive, nor was the court justified in awarding restitution after the expiration or termination of the alleged tenancy. *Cathcart v. Walter*, 14 Mo. 17, 19 ; *Kelly v. Clancy*, 15 Mo. App. 519 ; *Salmon v. Fewell*, 17 Mo. App. 118.

*S. S. Brown*, *J. F. Harwood* and *Casteel & Haynes*, for respondent.

( 1 )  The plaintiff could not be lawfully turned out of possession under a writ in an ejectment suit to which he was not a party, plaintiff being in possession at the time the ejectment suit was commenced. *Garrison v. Savignac*, 25 Mo. 47 ; *George v. Hufschmidt*, 44 Mo. 179.  ( 2 )  There is nothing in the point made by appellant, viz.: That plaintiff can recover for only sixteen days' rent from February 12 to March 1, 1889.  The plaintiff must be put back in possession, no matter if his lease has expired, and he can settle the question of rents with his landlords.  That question does not concern the defendant.  *Hyde v. Fraher*, 25 Mo. App 414.

ELLISON, J.—This is an action for the forcible entry and detainer of a farm in DeKalb county, in which plaintiff obtained judgment in the trial court for possession and for $560 damages and for $40 as monthly rents and profits, until restitution.

It appears that plaintiff's father, with whom plaintiff resided, had possession and either owned or had owned the premises; that while owner he gave a mortgage on the premises to Messrs. Harwood and Frederick to secure the payment of $2,500 ; that afterwards, on failing to pay interest, he gave up the farm, or the possession thereof, to Harwood and Frederick who,

in the first part of the winter of 1887, rented it to his son, the plaintiff in this case ; that the plaintiff occupied the farm as tenant up to February 12, 1889, when he was ousted by this defendant as set out below ; that at the time of his being turned out he had rented the property for another year, that is, up to March, 1890. But in August, 1889 ( the day is not shown ), Harwood and Frederick sold the premises under their mortgage, and that one Orr became the purchaser at such sale.

The ousting of this plaintiff by defendant above referred to was in the following way : One Toms, whose title does not appear, began an ejectment suit against this plaintiff's father, October 31, 1887, which he prosecuted to judgment, upon which he took out a writ of restitution ; that the sheriff executed the writ by removing plaintiff's father and family off of the property and turning it over to Toms' agent, who thereupon immediately leased it to defendant and immediately placed him in possession ; that, upon the arrival of the sheriff and Toms' agent at the premises, the plaintiff claimed that he was in possession, but, upon being informed that the writ would, nevertheless, be executed, he immediately set out for the town of Cameron, as he says, obeying the orders of his landlords, and presumably to give them information, or obtain counsel from them. While thus absent defendant, who, it appears, was in readines, went into possession as tenant of Toms.

It will be gathered from the foregoing that plaintiff's theory is, that since he rented the premises before March, 1887, and went into possession as tenant of Harwood and Frederick, and that Toms' ejectment suit was not begun against his father till October following, he, not being a party, is not bound by such judgment, and that he has been ousted of his possession by force of a writ against other parties. If this was satisfactorily shown—and we must conclude that it was, as the court found for plaintiff—the law is with the plaintiff ; for in such case the judgment and writ ought not to affect

him. *Garrison v. Savignac*, 25 Mo. 47; *George v. Hufschmidt*, 44 Mo. 179.

But defendant insists that the action should have been unlawful detainer, instead of forcible entry and detainer. To this, we do not agree. It is sufficient upon which to base an action of forcible entry that the entry be made against the will of him who is in the peaceable possession. There need not be actual force. The authorities cited by defendant do not apply to the case plaintiff makes.

We do not care to notice in detail but one other objection to the trial below, believing that no error harmful to defendant has been made to appear. The objection referred to goes to the damages and rents and profits allowed plaintiff. The court has evidently allowed him damages without reference to the term by which he held. In estimating the rents and profits due the tenant, the time calculated should not exceed the tenant's term. A tenant's term may have only two weeks to run, when he is dispossessed, and the trial of his action may not take place for two years thereafter. In such case it would be quite out of the question to allow him rents and profits for a period in which his right did not exist. In this case plaintiff's testimony showed that he was turned out February 12, 1889, that his term would have continued up to March, 1890. But it further appears that the mortgage held by his landlord was closed out in August, in 1889, one Orr becoming the purchaser. This had the effect of ending plaintiff's term. *Culverhouse v. Worts*, 32 Mo. App. 419. The estimate of rents and profits should not include a longer period than from February 12 to August 1, which at $40 per month, the monthly value as found by the court, would amount to $224.

We will, therefore, reverse the judgment, and remand the cause with directions to the trial court to enter judgment for plaintiff for said sum of $224. The costs of this appeal will be taxed against plaintiff. All concur.