WILLIAM H. RICHARDS, Respondent, v. WILLIAM SMITH *et al.*, Appellants.

Kansas City Court of Appeals, January 18, 1892.

**Forcible Entry and Detainer:** HOMESTEAD: MINOR CHILDREN: EJECTMENT. A homestead descended to a mother and her minor children, and after the majority of the minors, who, it appears, continued living with their mother as members of her family, judgment in ejectment was rendered against the mother at the suit of her mortgagor, to which action the children were not made parties, and on writ of restitution the plaintiff in ejectment was put in possession by the officer's removing the children from the premises (the mother having left before). Thereupon, on the plaintiff in the ejectment nailing a strip across the door and leaving, the children broke the door and re-entered; *Held*, such re-entry was without authority, and forcible entry and detainer would lie.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Zook & Stokes*, for appellants.

( 1 )  In the execution of such writ a person in possession of the premises at the commencement of the suit, and not a party thereto is dispossessed and possession given to the plaintiff, and, if upon the removal of the force the person dispossessed returns to the possession, the plaintiff will not thereby acquire such a possession by the execution of the writ as will entitle him to sustain an action of unlawful detainer against the person so returning to the possession.  *Garrison v. Savignac*, 25 Mo. 47 ;  *Goerger v. Huffersmith & Morley*, 44 Mo. 179.  ( 2 )  The finding of the court is contrary to the evidence and the second instruction given by the court.  The evidence discloses the fact that the defendants had been in the peaceable and uninterrupted possession of the premises sued for, for a period of six years, and that plaintiff had never been in possession of the premises or any part thereof.  R. S. 1889, sec. 5112, p. 1244.  Here the premises were never let to the defendants nor was the possession obtained by either of them wrongfully and without force by disseizen. But had the possession been obtained in either of the above-specified modes still the uninterrupted occupancy of the land sued for by the defendants for the whole years together preceding the filing of the complaint would be a complete bar to the plaintiff's action. *Railroad v. Hill*, 60 Mo. 281 ;  *Miller v. Tillman*, 61 Mo. 316.

*T. C. Dunyan*, for respondent.

( 1 )  It is the duty of the sheriff under his writ to remove, not only the defendant named in the writ, but also his family, employes, servants and all persons who may have entered upon the land, pending the action, whether as trespassers, or holding for defendants, or under the title adjudicated in the action, and appellants

were properly evicted. Sedwick & Wait on Trial of Title to Land, sec. 558, p. 358; *Hickman v. Dale*, 7 Yerg. (Tenn.) 149; *McCreery v. Everding*, 54 Cal. 166; *Johnson v. Fullerton*, 44 Penn. St. 466. And *prima facie* all parties entering, after suit brought, acquire possession insubordinate to the defendant, and evidence so places appellants. *Lessee v. Clark*, 29 Cal. 664; *Hall v. Dexter*, 3 Sawyer, 434. And if party, by virtue of an adverse and paramount title, comes into possession after commencement of action, he may show facts, and he may obtain rule from the court to be exempt from eviction, and if evicted apply to the court to be excepted from the operation of the writ, or get a writ of restitution. *Hall v. Dexter, supra; Smith v. Pretty*, 22 Wis. 655. And sheriff being apprised of such a claim ought, if in doubt, to take bond of indemnity which was done in this case (See evidence of Richards), or give reasonable time for the party to apply to the court for a modification of writ. Upon such application court may stay enforcement of writ, or except party from operation of writ, until his rights can be determined; but when sufficient bond of indemnity is given, and no different order is made by the court, duty of officer is only discharged by placing plaintiff in possession, as directed by removing all occupants. Sedgwick & Wait, sec. 566, p. 362; *Hall v. Dexter, supra; City of Natchez v. Vanderveldo*, 31 Miss. 766; *South B. L. A. v. Christy*, 41 Cal. 501; *Ex parte Reynolds*, 1 Cal. (N. Y.) 500. But party must make out clear case, and restitution will be denied if he is without color of right to the possession. *Mining Co. v. Redington*, 50 Cal. 160; *Franklin v. Merida*, 50 Cal. 289; *McQuade v. Emmons*, 38 N. J. L. 397. (2) In this case it can make no difference what respondent's right or title was, or how he got possession. If he was in the peaceable possession for any length of time, however short, and appellants forcibly took possession of said premises, that is, against the will of respondent,

and tore the house open and entered said premises, then they were guilty. The statute is a statute of peace, and appellants must take legal steps before or after eviction to obtain their alleged rights, or remedy their fancied wrongs. Although appellants might have had the immediate right of entry, they can gain possession only in peaceable manner, and not by force. The respondent being in the actual possession, after the execution of the writ by the sheriff, can maintain this action against appellants, who forcibly enter upon his possession, even though appellants had the title to the land, and the right of entry thereon. *Fuhr v. Dean*, 26 Mo. 116; *King's Adm'r v. Gas Co.*, 34 Mo. 34.

ELLISON, J.—This is an action of forcible entry and detainer in which plaintiff recovered judgment and defendant appeals. It appears that the land in question was the homestead of one A. J. Smith, who died in 1873, leaving a widow and two minor children, who continued to occupy the land as a homestead. On June 3, 1875, the widow gave a deed of trust on the land to secure borrowed money, and the land was sold under this deed of trust in March, 1883, and purchased by plaintiff.

It may be stated parenthetically, that the widow married one Wilson Kinder, in 1876, the residence on the homestead continuing. In December, 1889, the two children having become of age, plaintiff brought suit in ejectment against Mrs. Kinder ( Smith's widow ), joining her husband but not making either of the children parties.

This suit resulted in a judgment for plaintiff. He then sued out a writ of restitution and went with the sheriff to the land. They found Mrs. Kinder and her husband had abandoned the premises, but that the two children ( these defendants ) were in possession claiming to be rightfully in. The sheriff put them and their goods out and turned over the possession to plaintiff

under the writ. Plaintiff nailed a strip across the door of the house and then left. Defendants, who remained near by, immediately re-entered the premises, and plaintiff instituted the present action of forcible entry and detainer.

Defendants contend that since they were in possession at the time the suit of ejectment was begun, and were not made parties to the action, that, therefore, under the rulings of the supreme court in *Garrison v. Savignac*, 25 Mo. 47; *State ex rel. v. Harrington*, 41 Mo. App. 439, and *Oakes v. Aldridge*, 45 Mo. App., they could not be dispossessed by a writ of restitution.

The question decisive of the case is: Were defendants in possession at the institution of the ejectment suit, they at that time being of age? Defendants were minors when their father died, and as such the homestead passed to them and their mother jointly until they should become of age, and then to their mother alone. The deed of trust given by their mother could not affect their interest; it conveyed her interest which became entire on their arriving at their majority. In other words, it conveyed the homestead subject to the rights of defendants during their minority. So far as it is made to appear here defendants continued to live on the premises with their mother after their majority as they had before. It is not made to *appear* that they set up any *right* to the possession after their majority, or that they claimed any right at that time. They resisted being put out by the sheriff it is true, but there is nothing which tends to show that upon their coming of age or at the time ejectment suit was begun, that they were anything more than members of the family living with their mother; their legal rights having expired. Under such state of the case we must assume that defendants, after their legal rights ceased, on their coming of age, did not remain on the premises as claiming a right there, but merely as living with their mother, and that they were not claiming rights to possession

any more than would a child, or servant, or than as one sojourning there.

The plaintiff having been put in possession of the premises, and defendants having thereafter forcibly entered against plaintiff's will, and the case being such as is not covered by the authorities above cited, we must hold that the circuit court rendered the proper judgment, and so it is affirmed. All concur.