ISAAC H. CRAIN, Respondent, v. SARAH C. MURRY, Appellant.

**Kansas City Court of Appeals, November 7, 1898.**

Forcible Entry and Detainer: PEACEFUL POSSESSION AUTHORIZES ACTION. A plaintiff who has been in peaceful possession for eighteen months, raising two crops on the premises, may maintain forcible entry and detainer against the defendant who enters against his will, and this whether plaintiff's original possession was right or wrong.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

CALLISON & HUTCHISON for appellant.

(1) The court erred in finding for the plaintiff under the facts in this case and under its own given instructions in behalf of defendant. Bell v. Cowan, 34 Mo. 253, 254. (2) The court erred in finding for the plaintiff under the law and in overruling appellant's motion for a new trial, in which it was insisted that the judgment is against the law under the facts of the case. This is an action of forcible entry and detainer. It should have been, if anything, an action for unlawful detainer. Garrison v. Savignac, 25 Mo. 47; Greenleaf v. Weakly, 39 Mo. App. 191; Keene v. Schnedler, 9 Mo. App. 597; McCartney v. Anderson, 45 Mo. 35–38, 39; Warren v. Ritter, 11 Mo. 354. The plaintiff has failed to show that at the time of the alleged forcible entry he was in actual possession of the premises in contradistinction to construct- ive possession, a necessary and material fact that must

be shown before recovery in this case, nor was his possession exclusive. Nelson v. Nelson, 30 Mo. App. 184. Also he has failed to show a *bona fide* possession; certainly, under the evidence, his possession was tortious, as to this defendant, hence, not "peaceably possessed" in any proper definition of the term. ——————Mo. App. 9, 597 (Appendix); McCartney v. Anderson, 45 Mo. 35–38, 39; Michau v. Walsh, 6 Mo. 346. (3) The point is made here that the plaintiff's possession was not such and of that character which the court is justified in restoring it to him and depriving the defendant of her present possession. *First*, because it is undisputed that before plaintiff sought to acquire possession the defendant had been in the peaceable and undisputed possession for eleven years. *Second*, that plaintiff's possession was unlawfully acquired. Garrison v. Savignac, 25 Mo. 47; Goerges v. Hufschmidt, 44 Mo. 180; Oaks v. Aldridge, 46 Mo. App. 14, 15; State ex rel. v. Harrington, 41 Mo. App. 444, 445. *Third*, that at no time while occupying the premises was plaintiff any other than an intruder, a disseizor, a trespasser. State ex rel. v. Harrington, 41 Mo. App. 445; Oaks v. Aldridge, 46 Mo. App. 14; Kenedy v. Prewitt, 24 Mo. App. 415–419; Dyer v. Reitz, 14 Mo. App. 45, 46, 47; Kincade v. Loque, 7 Mo. 166; Packwood v. Thorp, 8 Mo. 636.

ALEXANDER, RICHARDSON & ALLEN for respondent.

(1) The testimony shows that the plaintiff was in the actual possession of the premises in controversy at the time of the forcible entry and detainer complained of and had been since November 21, 1895, through his tenants and agents. But if he had never been in actual possession, save such as he had through his tenants and agents, he could maintain an action

for forcible entry and detainer against one who enters upon, and takes actual possession thereof against his will. 2 R. S. 1889, secs. 5087, 5088, 5102 and cases cited in foot notes; Coolbaugh v. Porter, 33 Mo. App. 548; Willis v. Stephens, 24 Mo. App. 494; Bartlett v. Draper, 23 Mo. 407; Prewitt v. Burnett, 46 Mo. 372; Miller v. Northup, 49 Mo. 397; DeGraw v. Prior, 53 Mo. 313; Bradley v. West, 60 Mo. 59. (2) The term, "lawful possession," has been uniformly held by the courts of this state to mean "peaceable possession." Michau v. Walsh, 6 Mo. 346; Krevet v. Meyer, 24 Mo. 110; Beeler v. Caldwell, 29 Mo. 72; McCartney v. Alderson, 45 Mo. 35. (3) In order to constitute such lawful and peaceable possession, it is not necessary for respondent to reside on the land, or to keep his agent or servant there, but any acts done by him on the land indicating an intention to hold possession thereof in himself, was sufficient to give him actual possession. Bartlett v. Draper, 23 Mo. 409; Miller v. Northup, 49 Mo. 399; Powell v. Davis, 54 Mo. 316; Bradley v. West, 60 Mo. 61. (4) Respondent's hired hand having been in possession of the house on the premises in controversy when he vacated and surrendered the same, the respondent came into the sole possession thereof; and he must be considered as possessed of same, when such house and premises were not actually occupied by his tenant, although not formally present. Warren v. Ritter, 11 Mo. 354; May v. Luckett, 48 Mo. 472; Kingman v. Abington, 56 Mo. 46. (5) A party in actual possession of premises may maintain the action of forcible entry and detainer, no matter how his possession was acquired, whether lawfully or unlawfully. King v. Gas Co., 34 Mo. 34; Craig v. Donnelly, 28 Mo. App. 342.

ELLISON, J.—This is an action for forcible entry and detainer for eighty acres of farm land in which judgment in the trial court was given for plaintiff.

The facts necessary to an understanding of the case are these. The defendant, counting the time before her husband's death, had occupied the premises for nearly thirty years before the year 1895, when an action of ejectment was begun against her tenant who was her son. Her son was only in possession as tenant of sixty-four acres, the remaining sixteen acres being retained by the defendant. It seems, however, that plaintiff's action of ejectment was for the entire tract and judgment was so rendered, defendant not being a party to the action. Plaintiff procured a writ on his judgment in ejectment, under which the sheriff, in November of the year 1895, not only turned out defendant's tenant, but herself as well and placed plaintiff in possession. The same day, as soon as the force was removed, defendant went back into possession of the sixteen acres she had not rented to her son. It does not appear that she went into the house that was on the premises, but she at least turned her stock, which had been removed, back on that part of the premises she had not rented to her son. Plaintiff, considering himself in possession, was on and off the land by himself and his agents, when, in the following February he tore down the old house that was on the tract and built a new one in which he established his tenant. This tenant, after a week's trouble in turning out stock which defendant would turn in, had full and actual possession of the whole tract and cultivated a crop thereon in the year 1896, when his time having expired, he was followed by an employee of plaintiff who cultivated a crop for plaintiff and occupied the premises until the seventh day of September,

STATEMENT.

1897, when, while the crop was still growing, he moved away, fastening the doors of the house. On the removal of this employee of plaintiff's and without the knowledge or consent of plaintiff, defendant removed the fastening of the doors of the house and entered into possession claiming the whole tract. This action followed.

From the foregoing it will be seen that plaintiff was in the actual and peaceable possession of the premises for about eighteen months, without taking into consideration the time from November, when he was put in by the sheriff, to the following March. During this period he planted and raised two crops. This possession, *whether rightful or wrongful*, was sufficient to base an action upon against any one who entered into possession against his will. The possession taken by defendant was unquestionably against plaintiff's will. He had not abandoned the premises (there is no pretense of that) but on the contrary his employee shut up the house and defendant entered by undoing the fastening to the doors. This was an invasion of plaintiff's peaceable possession which had continued for nearly two years. There could not well be a plainer case of forcible entry as that term is defined by the law.

FORCIBLE entry and detainer: peaceful possession authorizes action.

It is quite true that defendant should not have been turned off the sixteen acre portion of the premises by the sheriff. She was no party to the ejectment suit and had occupied the land before it was instituted. If this plaintiff had attempted this action at the time she returned to possession immediately after the sheriff put her out, he would probably have been defeated under the authority of Garrison v. Savignac, 25 Mo. 47. But the facts here, while the same at the start as those in the case cited, do not by any means continue so. Here, defendant's possession taken when the

sheriff's force was withdrawn, was not maintained. She attempted to maintain herself for a short time, but finally left plaintiff, or his tenant, or his employee, no difference which, in full control and possession. And as before stated he so remained for nearly two years. If defendant had a case against plaintiff—if plaintiff unlawfully usurped her possession against her will she should and could have brought an action against him. It is proper here to state what we omitted at the outset, since it was not necessary to sustain plaintiff's case, that she did, sometime after the sheriff dispossessed her, institute an action of forcible entry and detainer against plaintiff's tenant and was defeated.

The rules governing actions of forcible entry and detainer have been so frequently stated by the courts that it is not worth while to go over them again and we merely cite as applicable to many of the points in this controversy the case of Craig v. Donnelly, 28 Mo. App. 342, cited in plaintiff's brief.

The judgment will be affirmed. All concur.