## COOK v. BASOM, Appellant.

### Division Two, November 12, 1901.

1. **Lease: NECESSARY PARTIES.** In a contest between a lessee and his sublessee, in which the former undertakes to have the latter adjudged as holding as his trustee under a subsequent lease from the same lessor, the lessor is a necessary party for a rightful determination of the suit, since the purpose is to foist on the lessor a different tenant from that named in his last lease.

2. ————: **FORFEITURE: EFFECT ON SUBLESSEE.** A final judgment of a competent court decreeing the forfeiture of a lease, disposes of all claim the lessee may have thereunder, and leaves him no such equitable estate therein as would bar his sublessee from taking a new lease in his own right from the same landlord.

3. ————: **LANDLORD'S TITLE: EXPIRATION.** A tenant can not dispute his landlord's title, but he is not estopped to show that it has expired, or that the landlord has been evicted by title paramount, or that he has conveyed his title.

4. ————: **SUBLESSEE: TAKING NEW LEASE FROM LANDLORD: FRAUD: TRUSTEE.** Where the lessee has permitted his lease to become forfeited, his estate has expired, and it is proper for his sublessee to

take a new lease from the landowner without infringing on the rights of his landlord under the first lease. And if the terms of the lease to the first tenant are that he must do so much mining within a specified time, and he depends on his sublessee to do the work, which he fails to do, and thereby the lease becomes forfeited, and the sublessee takes a lease of his own from the landowner, this sublessee can not be held to hold his last lease as a trustee for the lessee in the first lease, unless he purposely and fraudulently brought about a forfeiture of the first lease in order to obtain a better arrangement for himself, by collusion with the landowner. And the fact that the sublessee ceases to work his mine, by itself, does not establish fraud if he had the right of possession to only a part of the land.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins,* Judge.

REVERSED.

*E. O. Brown* and *BaSom & Buckley* for appellant.

(1) The owners of land whose interests would be affected in this case are necessary parties to its complete determination. A suit can not be maintained in equity where a necessary party is not made such. Crawford v. Altman, 139 Mo. 262; Steinman v. Strimple, 29 Mo. App. 478. (2) If the estate which the landlord, the plaintiff in this case, had at the time of making the lease to this lessee, the defendant herein, is determined, then the lease is extinguished and said tenant is at liberty to attorn to or take a new lease from the landowner or original landlord. Barclay v. Pickles, 38 Mo. 143; Claflin v. Brockmeyer, 33 Mo. App. 92. The same rule, of course, applies when the plaintiff's title was determined by the judgment or decree in equity by the landowners, Caffee et al. v. this plaintiff. Sec. 6373, R. S. 1889; Pentz v. Knester, 41 Mo. 447; Robinson v. Troup Mining Co., 55 Mo. App. 662; Crockett v. Althouse, 35 Mo. App. 404. (3) The decree of the circuit court in the case of A. H.

Caffee et al. v. the plaintiff and her co-tenants, divested them of the title to the property in controversy and cancelled their lease, dissolved their relation of landlord and tenant, and vested the entire estate in Caffee and his co-owners. That case is a bar to this, both as to matters litigated or that could have been litigated, and as to all parties to the record, privies, or those subsequently acquiring any interest or title. Murphy v. DeFrance, 101 Mo. 151; Nave v. Adams, 107 Mo. 414; Noote v. Clark, 102 Mo. 394; Dickey v. Heim, 48 Mo. App. 114; Warren v. McElroy, 33 Mo. App. 553; Alason v. Summers, 24 Mo. App. 174.

*Jno. W. McAntire, Clark Craycroft, L. P. Cunningham* and *Thomas Dolan* for respondent.

(1) The object of this suit was not to affect any interest or right of A. H. Caffee, the landowner, but to have the appellant's lease declared to be and held for the benefit of the respondents. Appellant's interest in the lease could have been transferred by himself to some other person without consent of Caffee, his lessor, as the lease is made to BaSom and assigns, and as there is no restraint of alienation, no reason is given and none can be given why there could not be a transfer *in invitum*. (2) The second and third points of appellant's brief are as bad in law as in morals. The whole record shows that BaSom took a sublease under respondent and associates, who held the original lease from Caffee and who relied for the compliance of the conditions of their lease on the performance of appellant, of the conditions in the sublease to him. If appellant performed the conditions in his lease there could be no forfeiture on respondent. If he failed to perform them; then he was bound by his covenant in his lease to notify respondent and her associates who then could have taken steps to perform it themselves and prevent

forfeiture. But he deliberately quits work, fails to give the notice, and hunts up the landowner and takes him to Joplin and out on the land and succeeds in convincing him that he ought to forfeit the lease of respondent and associates that he, appellant, might get it himself. That appellant's relation was a fiduciary one to respondent and associates, and that he owed them some fidelity, is clear, and it is a salutary principle of equity jurisprudence that requires common honesty, and good faith between men, and will not permit one to profit by his own error. Of course if (without fraud on appellant's part) the relation of landlord and tenant between Caffee and respondents was terminated, and respondents' rights to the lease forfeited and at an end, appellant could take a lease on the same land from respondents' lessor. This is not questioned. But he can not bring about a forfeiture of the lease of his lessors through his own misconduct and fraud and then take advantage of his own bad faith to obtain a lease to himself. To hold otherwise would be to place a premium on treachery.

GANTT, J.—This is an appeal from a decree of the circuit court of Jasper county, wherein the court decreed that plaintiff have and take from defendant and that defendant be divested of all right, title, claim and interest in and to a certain mining lease made by A. H. Caffee to the defendant, to the southwest quarter of the southeast quarter of section six in township 27, range 32, in Jasper county.

The bill is by plaintiff in her own right and as assignee of Mat. Doherty and S. H. Smith, and by it she sought to have defendant declared a trustee for her of said lease.

The petition is framed on the theory that defendant was her tenant under a former lease of the same land and being so was not in a position to acquire this lease from her landlord. The answer is a general denial, a plea of defect of parties in

that the landlords of the plaintiff and defendant were not made parties, and a further plea that the former lease to plaintiff had been declared forfeited and so adjudged by the circuit court of Jasper county prior to the making of the lease by Caffee to defendant.

The lease from Caffee and others to plaintiff and her associates was made October 1, 1894.

The lease of ten acres of the land included in the lease from Caffee et al. to plaintiff and her associates to defendant was made February 22, 1895, and the lease involved in this suit was made November 18, 1895. The evidence tends to prove that the leases were mining leases and provided among other things that the lessees should work the land continuously during the terms and not cease mining operations for a longer time than ten days.

The evidence tended to prove further that plaintiff and her associates did no work whatever under their lease themselves but relied upon the work done by defendant on his sublease of ten acres.

The evidence tended to show that defendant did considerable work and expended some $2,000, but became discouraged and abandoned and forfeited his sublease. Subsequently defendant was offered a lease for the forty by A. H. Caffee and he agreed to take it if Caffee would have plaintiff's lease of October 1, 1894, annulled by a valid decree. Thereupon Caffee and his co-owners instituted an action in the circuit court of Jasper county to obtain a decree of forfeiture against plaintiff, Doherty and Smith. The defendants therein were duly summoned and a final decree entered against them, and Caffee then made the lease to defendant which the circuit court decreed to plaintiff.

A reversal is sought on the grounds that Caffee and his co-owners of the land upon which the lease was given are necessary parties to this suit; that the judgment of the circuit court

having decreed a forfeiture of plaintiff's lease, she can not by this proceeding avoid the effect of that judgment; that her estate having been terminated by the suit of her landlord, the defendant, her tenant, had a right to take a new lease without violating any obligation to her, and finally that the decree in favor of Caffee against plaintiff, Doherty and Smith is a bar to this suit.

On the part of plaintiff it is maintained that defendant forfeited his sublease by failing to mine the land and by his failure to do so procured the forfeiture of plaintiff's lease, and can not profit by his own wrong, and having taken a new lease is a trustee for plaintiff.

I. It is a fundamental principle in equity practice that all persons materially interested, either legally or beneficially, in the subject-matter of the suit, shall be made parties to it either as plaintiffs or as defendants, so that there may be a complete decree which shall bind them all.

The subject-matter of this suit is the ownership of a lease from Caffee et al. to defendant BaSom. Caffee and his co-owners, the lessors, are not made parties. Defendant has insisted at every stage of the proceeding that they are necessary parties because of their interest as owners of the leased lands, and because of their right to have the stipulations of their lease performed by their lessee and their right to select their lessee. This the circuit court denied and its refusal to require Caffee et al. to be brought in is assigned as error.

We think defendant is right. By the decree the plaintiffs are substituted as lessees to Caffee and his co-owners without their consent and without an opportunity to be heard in a matter of vital interest to them.

In this particular case they have forced upon them, tenants who had only a short time prior to this suit forfeited a lease to this same land for failure to observe the obligations of their lease, and are compelled to accept the same defaulting lessees

in the place of the defendant to whom they had leased the land.

We think it would be hard to find a case in which the real party in interest in the subject-matter of the action had a stronger claim to the protection of the court than the lessors, Caffee et al., have in this case and we consider it reversible error in not requiring them to be made parties and entering a decree affecting their rights without an opportunity to assert and vindicate them.

II.  We think also that the decree of forfeiture in favor of Caffee et al. v. the plaintiff, Doherty and Smith, in the circuit court of Jasper county, whereby the lease of plaintiff to this land was forever forfeited, disposed finally of all claim of said Doherty, Smith and plaintiff and they had no such equitable estate in the lease as would bar defendant from taking a new lease thereon.

While it is the well-nigh universal rule that a tenant can not dispute his landlord's title, it is equally well settled that a tenant is not estopped to show that his landlord's title has expired or that he has been evicted by title paramount, or has conveyed his title.  [2 Taylor on Landlord and Tenant (8 Ed.), sec. 708, and cases cited.]

This is an equity case and all the facts are before us, and we can not agree with the circuit court that the facts establish a case of conspiracy between Caffee et al. and defendant BaSom, by which defendant, while yet a tenant of plaintiffs, purposely and fraudulently brought about a forfeiture of their lease in order to obtain a better arrangement for himself.  On the contrary it plainly appears that plaintiff and her co-lessees paid no attention to the preservation of their lease, and permitted it to lapse for failure to mine the land.  The fact that the defendant BaSom was a sublessee under them on ten acres only of their leased tract, in no way prevented them from observing their contract with Caffee et al.  Having permitted their lease to become

forfeited, their estate had expired, and it was entirely competent for Caffee to make a new lease to BaSom without infringing any right 'of Cook, Doherty and Smith, the plaintiffs herein, and without making BaSom a trustee for them in his new lease. As a basis for such a decree plaintiff must have shown some equitable right to a lease upon this land and that defendant with knowledge of that equity fraudulently obtained the lease to himself. That plaintiff's lease and right had previously been decreed to be forfeited the record shows beyond a peradventure, nor did the proof of defendant's failure to continue the mining establish by itself any fraud. By so doing he merely forfeited his sublease to ten acres only of the land and that was the only penalty visited upon him. Plaintiff had no equity in the land or lease thereon which could become the basis of an implied or resulting trust, and defendant did not become a trustee for her by taking a subsequent lease after the final decree of forfeiture. Plaintiff can not in this manner avoid the effect of the decree of forfeiture, and we are all agreed that the decree in this case can not stand and it is accordingly reversed. *Sherwood, P. J.*, and *Burgess, J.,* concur.