## McFARLAND REAL ESTATE COMPANY v. JOSEPH GERARDI HOTEL COMPANY, Plaintiff in Error.

**Division One, March 28, 1907.**

1. **UNLAWFUL DETAINER: Lease: Sale Under Mortgage.** The sale of real estate by the trustee under a deed of trust, antedating a written lease for five years, by operation of law extinguished the tenancy then existing between the parties to the lease and between the lessee and the purchaser of the land.

2. ———: ———: ———: **New Letting.** And the lease being extinguished, an oral contract of renting entered into between the purchaser and lessee did not have the effect of breathing new life into the lease, nor constitute it a written lease between the lessee and the purchaser at the trustee's sale. After the sale the purchaser and lessee stood in the same relation to each other as if no lease had ever been made. Thereafter the lessee became the tenant-at-will of the purchaser.

3. ———: ———: ———: **Tenant from Month to Month: Notice.** Where a written lease was extinguished by a trustee's sale under a deed of trust antedating the lease, the lessee by remaining in possession thereafter, under an oral lease with the purchaser made after the foreclosure sale, became a tenant from month to month by operation of the statute (sec. 4110, R. S. 1899); and the tenancy cannot be terminated against the will of the other party except by giving thirty days' written notice. And the purchaser of the premises cannot maintain unlawful detainer against the tenant, in such case, until such written notice is given.

4. ———: ———: **Beneficial Owner: Recovery: Theory of Pleadings.** A party will not be permitted on the trial to introduce evidence which contradicts his pleadings, nor will he be permitted to state one cause of action and recover upon another. Plaintiff will not be permitted in an action of unlawful detainer to state that Graham was the owner of the land and as such executed a deed of trust thereon and afterwards by written contract leased it for five years to defendant, and thereafter the property was sold under the deed of trust to Koch, who transferred it to plaintiff, and that defendant's lease expired on a day certain, and defendant unlawfully withholds the premises, etc., and then by evidence seek to evade the

effect of such allegations by evidence tending to prove that at all times mentioned in the proceedings plaintiff was the beneficial owner of the property and Graham and Koch were trustees or mere agents holding the legal title for the use and benefit of plaintiff.

Error to St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

REVERSED.

*R. M. Nichols* for plaintiff in error.

(1) The mortgage was on the fee simple title; being prior to the lease its foreclosure ended and determined not only the lessor's title, but extinguished the lease. Consequently, under plaintiff's own showing he was not the owner of the lease and defendant was not a tenant holding over after the expiration of the lease, January 9, 1904. Culverhouse v. Worts, 32 Mo. App. 419; Vaughn v. Locke, 27 Mo. 290; Cook v. Ba Som, 164 Mo. 594; Robinson v. Troup Min. Co., 55 Mo. App. 662; Corrigan v. Chicago, 144 Ill. 537; Stout v. Merrill, 35 Io. 47; Den v. Ashmore, 22 N. J. L. 261; Wolff v. Johnson, 30 Miss. 513. (2) The sale on July 21, 1899, under the deed of trust given June 23, 1898, covering the property in controversy, extinguished the lease, dated January 9, 1899, so far as it affected the property in controversy. Kane v. Mink, 64 Io. 87; Jones v. Landlord and Tenant, sec. 703; Culverhouse v. Worts, 32 Mo. App. 419; Oakes v. Aldridge, 46 Mo. App. 11; Barclay v. Pickles, 38 Mo. 143; Burr v. Stanton, 43 N. Y. 462. (3) After the lease became extinguished by the foreclosure of the prior mortgage the relation of the purchaser (plaintiff) and the former tenant (defendant) became under force of the statute, section 4110, Revised Statutes 1899, that of tenant from month to month, and could be terminated only by one month's notice. R. S. 1899, sec. 4110; 18

Am. and Eng. Ency. Law (2 Ed.), 183; Quilgus v. Lewis, 8 Mo. App. 339; Griffith v. Lewis, 17 Mo. App. 613; Vogley v. Robinson, 20 Mo. App. 199; Lehmann v. Nolting, 54 Mo. App. 549; Grant v. White, 42 Mo. 444; Finney v. St. Louis, 39 Mo. 177. (4) The rule prohibiting a tenant from denying the landlord's title does not forbid a tenant from showing that the landlord's title has expired, or has been extinguished since the tenancy commenced. Robinson v. Troup Min. Co., 55 Mo. App. 662; Pence v. Kuester, 44 Mo. 447; Chapin v. Brockmeyer, 33 Mo. App. 92; Jones on Landlord and Tenant, sec. 703; Cook v. Ba Som, 164 Mo. 600.

*Albert C. Davis* and *Chester H. Krum* for defendant in error.

A sale, under a deed of trust, operates to extinguish a lease made subsequently to such deed, only where the lessee, or a stranger acquires the title; and in the event of such acquisition by a stranger, the lessee is evicted, or attorns under statutory conditions. The record shows that the lessor at no time parted with its title, that no stranger acquired such title, and that the tenant at all times knew there was no change in the title. 1 Washburn on Real Property (6 Ed.), sec. 721; Gray v. Rogers, 30 Mo. 258; Green v. Sternberg, 15 Mo. App. 35; Lindenbauer v. Bentley, 86 Mo. 519; Smith v. Aude, 46 Mo. App. 634; R. S. 1899, secs. 4112, 4136, 4137; Wash. Real Prop. (6 Ed.), sec. 721; Simers v. Saltus, 3 Denio, 214; Whalin v. White, 25 N. Y. 462. The record shows conclusively that there was no change in the real title at any time, and that the tenant knew this to be the fact. There was no point made at the trial such as is now sought to be raised by the appellant. There was no demurrer to the evidence. There was no instruction asked upon the point. There was no suggestion of any such point made in the motion for a new trial. The case was tried

solely upon two points of alleged defense — one that the term was extended two days — the other that the tenant was holding over pending a treaty for a new lease. Appellant now endeavors to raise an issue, which it did not raise below, which it did not call to the attention of the trial court and as to which, had there been error below, the trial court was not asked to make the proper correction. To permit a review of a record, as to this point, will be to violate rules of procedure on appeal as old as the court itself. Alexander v. Hayden, 2 Mo. 171; Boyce v. Burt, 34 Mo. 74; Claflin v. Sylvester, 99 Mo. 276; Haniford v. Kansas City, 103 Mo. 172; St. Louis v. Sieferer, 111 Mo. 662; Hubbard v. Fuchs, 164 Mo. 426.

WOODSON, J.—This is an unlawful detainer proceeding, instituted before a justice of the peace on January 11, 1904, in the city of St. Louis, for the recovery of the possession of a tract of land one hundred feet square, fronting on Taylor avenue, in said city, upon which was located the Westmoreland Hotel Annex, which will hereafter be called the Annex, and removed, by writ of certiorari, to the circuit court because the question involved the title to real estate.

The facts in the case are as follows:

On and prior to January 9, 1899, David W. Graham was the owner, subject to a deed of trust thereon, dated June 23, 1898, and duly recorded, and as such owner leased same, together with another adjacent piece of ground, upon which was located the West-moreland Hotel, which will hereafter be called the Westmoreland, to plaintiff in error for the term of five years, ending the ninth day of January, 1904; prior to January 9, 1904, David W. Graham, by warranty deed, conveyed to plaintiff, McFarland Real Estate Company, the Annex; there having been a default under the deed of trust, the trustee therein, on July 21, 1899, sold and conveyed by trustee's deed both

the Westmoreland and the Annex to John Koch; on October 12, 1901, John Koch, by warranty deed, conveyed the Annex to the McFarland Real Estate Company, the defendant in error; on the 9th day of March, 1899, David W. Graham conveyed the Westmoreland to Louis Bernero, and assigned to him $5,000 of the $7,200 yearly rental of the two places; after the sale to Bernero, defendant in error attempted to separate the two properties from the lease of January 9, 1899, and obtain a new lease for the Annex, but was unsuccessful in that. It was finally agreed, orally, between them to carry on the terms and conditions of the lease dated January 9, 1899, and plaintiff in error retained possession of the premises until the expiration of the lease and paid the rent as it became due; a few days prior to January 9, 1904, the day of the expiration of the lease according to its terms, defendant in error orally demanded possession of the Annex from plaintiff in error; the plaintiff in error attempted to procure an extension of the lease, but the McFarland Company declined to extend it, and thereupon a controversy arose between them as to whether the lease had or had not been extinguished by the sale under the prior deed of trust, and the president of the plaintiff in error testified that the possession of the property had not been turned over to him on January 9, 1899, the date of the lease, but possession thereof had been wrongfully withheld from his company, for two days, until January 11, 1899, and that in consideration for the loss of those two days, the defendant in error agreed that his company might occupy the premises for the two additional days. Gerardi testified that the agreement to extend the term of the lease for the two days was made at the time or before he took possession of the properties under the lease, and on that account always paid his rent on the eleventh of each month instead of the ninth; that his company retained the possession of the premises after the date of

the expiration of the lease, and on January 11th, February 11th and March 11, 1904, his company tendered to defendant in error the sum of $183.33, being the monthly rental of the Annex at the rate stated in the lease, but made no tender after that because the judgment was rendered against his company on the 11th of April.

The defendant in error introduced evidence tending to contradict the oral evidence above stated, and also introduced oral evidence tending to show that David W. Graham and John Koch were holding the legal title to all of the property mentioned in the evidence, under an oral agreement, for the use and benefit of the defendant in error.

The trial was by jury, and at the close of all the evidence the court gave a peremptory instruction to find for the defendant in error. Thereupon the jury returned a verdict for the possession of the property and assessed the damages at the sum of $2,283.34, and found the monthly rents and profits to be $300.

In due time plaintiff in error filed his motions for a new trial and in arrest of judgment, which were, by the court, overruled, to which action of the court plaintiff in error duly excepted and appealed the cause to this court.

I.   The plaintiff in error, for a reversal of the judgment, contends that the sale of the properties, on July 21, 1899, by the trustee, under and by virtue of the deed of trust, dated July 23, 1898, to John Koch, had the legal effect of extinguishing the tenancy created by the lease executed by David W. Graham to the plaintiff in error, dated January 9, 1899, and that when the McFarland Company orally agreed with the Gerardi Company that the latter could occupy the premises until the date of the expiration of the lease, in consideration of the payment of the rental therein

stated, the lease was, by section 4110, Revised Statutes 1899, converted into a letting from month to month, because the contract of letting was not in writing as required by that statute, and, further, before the tenancy could be terminated, thirty days' written notice was required to be given, before the tenancy could be terminated against the will of the plaintiff in error, which it is conceded was not given.

The sale of the Annex by the trustee, under the deed of trust, which antedated the lease, by operation of law extinguished the tenancy then existing between the parties. [Culverhouse v. Worts, 32 Mo. App. l. c. 426.]

When the sale took place it was as effectual in extinguishing all the interest of the parties to the lease as the judgment of a competent court decreeing a forfeiture would be, and leaves no legal or equitable estate in either party upon which to base legal claims. [Cook v. Ba Som, 164 Mo. 594.]

So it necessarily follows that the oral contract of renting entered into between the parties did not have the effect of breathing new life into the lease and thereby constitute it a written lease between them.

After the sale the parties stood in the same relation to each other as if the lease had never been executed. It was thereby nullified and extinguished and the plaintiff in error became the tenant-at-will of the purchaser. [Kane v. Mink, 64 Iowa 84.]

While the sale in the last case cited was under an execution, yet the same principle applies to a sale under a deed of trust. It, therefore, follows, that when John Koch purchased the Annex under the trustee's sale, on July 21, 1899, the defendant in error at that time became the tenant-at-will of said Koch. But when Koch, on October 12, 1901, conveyed the property to the defendant in error, the plaintiff in error by remaining in possesion thereof, under and by virtue of

the oral lease, made after the sale under the deed of trust, became a tenant from month to month by operation of section 4110, Revised Statutes 1899.

This section provides that all contracts or agreements for the leasing, renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns or villages, not in writing and signed by the parties thereto, shall be held.and taken to be tenancies from month to month. The contract of leasing between the parties in this case falls within both the letter and spirit of the said section of the statute; and such a tenancy cannot be terminated against the will of either party thereto except by giving the thirty days' written notice required by said section. And as this was not done in this case, the defendant in error had no cause of action against plaintiff in error at the time it filed its complaint before the justice of the peace.

II. The counsel of the defendant in error does not seem to controvert the correctness of the above conclusions, but seeks to evade the effect thereof by the introduction of oral evidence tending to prove that the defendant in error, at all times mentioned in the proceedings, was the beneficial owner in fee of both pieces of property, and that Graham and Koch were trustees or mere agents holding the legal title thereof for its use and benefit, and that plaintiff in error knew that fact, and, having remained in possession of the property during the period of time covered by the lease, it should not be heard to deny or question the title of the defendant in error.

In answer to that contention it is sufficient to say, that no such issue was made in the complaint, filed before the justice, but on the contrary the complaint, in express terms, states that David W. Graham was the owner of the property, subject to the deed of trust, and that prior to the expiration of the lease, Graham, by warranty deed, conveyed the property to it, and

that the lease expired on January 9, 1904, which gave the defendant the right to the possession, and that plaintiff in error unlawfully withheld the possession, and for that reason this suit was brought. Such contention on the part of the defendant in error is in direct conflict with, and contradicts the very terms of the complaint, filed with the justice, which is the foundation of this whole procedure. This cannot be done. A party will not be permitted on the trial to introduce evidence which contradicts his pleading, nor will he be permitted to state one cause of action and recover upon another. [Lenox v. Harrison, 88 Mo. 491, 495; Weil v. Posten, 77 Mo. 284.]

There are several other points presented by the record in this case, and urged upon our attention, by both parties, but as the judgment will have to be reversed without remanding, there would be no good or wise purpose served by passing upon them.

The judgment of the circuit court is reversed.

All concur, except *Lamm, J., dubitante.*