JACOB REICH, INC., Plaintiff, v. MORRIS FORDON, Defendant.

First Department, December 24, 1931.

*Chester Mayer* of counsel [*Edward U. Roth* with him on the brief; *Carmody, Roth & Mayer*, attorneys], for the plaintiff.

*Max J. Wolff* of counsel [*George Moskowitz* with him on the brief; *Benjamin Bernstein*, attorney], for the defendant.

O'MALLEY, J. The facts submitted show that the defendant on February 19, 1929, leased an apartment from the Aloma Realty Company, Inc., for a term commencing May 15, 1929, and ending September 30, 1931, at an annual rental of $2,200 payable in equal monthly installments in advance. The lease was subject to a previously executed mortgage by the owner of the property to the plaintiff herein.

On December 1, 1929, while the defendant was in possession under his lease, the plaintiff brought an action to foreclose its

mortgage. To this action the defendant was made a party. Judgment of foreclosure and sale was thereafter entered, barring all the defendants in the action, including this defendant, of all right, claim, lien, title, interest and equity of redemption in the mortgaged premises.

On September 10, 1930, the plaintiff purchased the premises at the foreclosure sale. Thereafter, the defendant remained in possession and paid to the plaintiff the monthly rental fixed by his lease until February 27, 1931. He then removed and has refused to pay further rent.

The action seeks to recover rent for the months of March, April, May, June, July and August, 1931, subject to deductions of any rent plaintiff may collect for a possible reletting of the premises during the period of the defendant's lease.

The defendant contends that he may not be held under his lease with the former owner for the reason that such lease was terminated by the foreclosure proceedings and that after such termination he held merely as tenant from month to month.

Plaintiff, on the other hand, contends that the defendant by remaining in possession of the apartment and continuing to pay the same rental to the plaintiff, attorned to it as the new landlord for the remainder of the term of the lease, and is, therefore, liable for the stipulated rent.

We are required under our decision in *Kelley* v. *Osborn* (172 App. Div. 6) to give judgment for the plaintiff. The precise question presented was there involved and the cases are not distinguishable upon the facts. Defendant's contention that there was an absence of proof in the case cited that Osborn, the tenant, was a party to the foreclosure action, is not well taken. An examination of the briefs of counsel in that case discloses that the case was presented and argued upon the assertion that Osborn had been made a party and had been foreclosed of all rights under his lease by the judgment of foreclosure and sale.

In that case a judgment rendered by the Municipal Court in favor of the plaintiff was reversed by the Appellate Term (*Kelley* v. *Osborn*, 92 Misc. 201). On appeal to this court, Mr. Justice Scott, writing, stated: " The undisputed facts present a typical case of an attornment, by which the tenant held from the new owner upon the same terms as he previously held from the lessor. The act of attornment, evidenced by the payment of rent to the new owner and its acceptance by him, amounts to an acceptance of the new landlord by the tenant, and an acceptance of the tenancy by the landlord.

" While it is true that under our present statutes the occasion

seldom arises for the application of the doctrine of attornment (*Commonwealth Mortgage Co.* v. *DeWaltoff*, 135 App. Div. 33; Real Prop. Law, § 223), still it yet survives in certain cases (*O'Donnell* v. *McIntyre*, 118 N. Y. 156, 162), and one of these cases is that which is presented by the facts above stated. It is provided by section 224 of the Real Property Law (Consol. Laws, chap. 50; Laws of 1909, chap. 52) that an attornment of a tenant to a stranger is absolutely void except in three specified cases, one of which is where the attornment is ' to a mortgagee, after the mortgage has become forfeited,' and an attornment by the tenant to the purchaser at a foreclosure sale is within the statute. (*Simers* v. *Saltus*, 3 Den. 214.) The whole subject of attornment was exhaustively examined in *Austin* v. *Ahearne* (61 N. Y. 6), in which precisely the case here presented is cited as a typical case of an attornment under which the tenant assumes the same relation to the purchaser at the foreclosure sale that he previously held to the mortgagor."

It follows, therefore, that plaintiff should have judgment, without costs.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Judgment directed for plaintiff, without costs. Settle order on notice.