ROOSEVELT HOTEL CORPORATION, A CORPORATION, APPELLANT, v. DR. J. H. WILLIAMS, RESPONDENT.—56 S. W. (2d) 801.

St. Louis Court of Appeals. Opinion filed February 7, 1933.

*Louis J. Portner* and *S. Mayner Wallace* for appellant.

*Theodore Rassieur, George M. Rassieur* and *Alfred C. Wilson* for respondent.

SUTTON, C.—This is an action for three months' rent of office rooms in the Roosevelt Hotel Building, located at the Northwest corner of Delmar Boulevard and Euclid Avenue, in the City of St. Louis.

The court below sustained a demurrer to plaintiff's petition, and gave judgment for defendant. Plaintiff appeals.

The petition alleges that on April 1, 1926, the Delmar-Euclid Building Corporation, then being the owner of the Roosevelt Hotel Building, executed its mortgage, with a power of sale annexed, whereunder said building was given to secure a certain bond issue in said mortgage described, and in which mortgage the said owner pledged and assigned all rents thereunder accruing, for and on account of said building, to further secure said bonds.

That thereafter, on July 9, 1930, defaults having been made under Building Corporation entered into a written lease with the defendant as lessee for the rental of office rooms in said building, for a term of five years, beginning on March 1, 1927, and ending on February 29, 1932.

That under the terms of said lease defendant agreed to pay as rent for said rooms the sum of $6,000, payable in equal monthly installments of $100 each.

That thereafer, on July 9, 1930, defaults having been made under said mortgage, said Roosevelt Hotel Building was, pursuant to the power of sale in said mortgage given, sold and by deed conveyed to plaintiff.

That after plaintiff acquired title to said building, at said foreclosure sale, plaintiff elected to continue as lessor under the terms of said lease entered into between said Delmar-Euclid Building Corporation and defendant, and notified defendant of its intention to continue said relationship, and that defendant paid plaintiff rent in accordance with the terms of said lease for the months of August and September, 1930.

And that there is now due and owing from defendant installments of rent for October, November, and December, 1930.

Plaintiff's theory here, as in the court below, is that a purchaser at a foreclosure sale under a mortgage has a right to either evict a tenant holding under a lease made subsequent to the making of the mortgage, or to continue the tenancy, as he may elect. It is on this theory that plaintiff bases its right of recovery and upholds the sufficiency of its petition. And so plaintiff says that, having elected to continue defendant's tenancy under the lease, it is entitled to have the rents thereunder for the remainder of the term.

It is the well-settled rule in this State and elsewhere that the foreclosure of leased premises, under a mortgage antedating the lease, nullifies and extinguishes the lease, and where, as here, the lease is of a building in a city, an attornment by the lessee to the purchaser creates a tenancy from month to month by operation of the provisions of Section 2584, Revised Statutes 1929. No contract of lease which the mortgagor may make with respect to the mortgaged premises either inures to the benefit of the mortgagee or is binding on him. There is no privity of either estate or contract between the mortgagee and the lessee of the mortgagor to bind either, and the foreclosure of the mortgage avoids the lease and releases the lessee from any obligation. The tenancy created by attornment between the mortgagor's lessee and the purchaser under the foreclosure is an entirely new tenancy, and not a continuation of the old tenancy with the substitution of a new landlord. Whenever the estate which the lessor had at the time of making the lease is defeated or determined, the lease is extinguished with it. [McFarland v. Gerardi Hotel Co., 202 Mo. 597, 100 S. W. 577; Barclay v. Picker, 38 Mo. 143; Oakes v. Aldridge, 46 Mo. App. 11; Hunter v. Henry (Mo. App.), 181 S. W. 597; McGill v. Brown, 215 Mo. App. 402, 256 S. W. 510; Western Union Telegraph Co. v. Ann Arbor Ry. Co., 90 Fed. 379.]

But plaintiff says that this rule has been changed by Sections 2602, 2586 and 2628, Revised Statutes 1929.

Section 2602, which is chiefly relied on by plaintiff, reads as follows:

"If the owner or holder alien or assign his estate or term, or the rent thereafter to fall due thereon, his alienee or assignee may recover such rent."

It is obvious that this section refers to an alienee or assignee of the lessor's reversion, and has no application whatever to a junior lease extinguished by foreclosure under a prior mortgage. It refers to an alienation or assignment made subsequent to the making of the lease. [Smith v. Aude, 46 Mo. App. 631; Bradford v. Tilly, 65 Mo. App. 181; Norman v. Key (Mo. App.), 222 S. W. 499; McFarland v. Gerardi Hotel Co., 202 Mo. 597, 100 S. W. 577.]

The conveyance made under a foreclosure of a mortgage passes the title to the purchaser as of the date of the mortgage, and uproots any contract of lease, or other incumbrance, made by the mortgagor subsequent to that date. The title thus conveyed under foreclosure is paramount to the mortgagor's right of reversion, which rests only in his equity of redemption. The foreclosure does not transfer such right, but forecloses it.

Plaintiff's view is that the statute operates to extinguish the lease only in case the purchaser shall so elect, thus permitting the purchaser to avoid the lease and evict the lessee, or continue the lease

in force for the remainder of the term and collect the rents reserved therein, as may the better serve his purpose or may be the more advantageous to him, so that in the event rental values have increased since the making of the lease, he may evict the lessee and get the advantage of higher rentals, or if, on the other hand, rental values have decreased, he may hold the lessee under the lease, and compel him to pay the more advantageous rents reserved in the lease, for the remainder of the term. We are not persuaded that the statute was enacted to achieve this end.

Plaintiff makes the further contention that it is entitled to recover the rents accruing under the lease subsequent to the foreclosure because the mortgage assigns the rents accruing on the building. This is begging the question. The foreclosure having extinguished the lease, no rents could accrue under the lease thereafter. Manifestly, the mortgage merely assigns rents accruing prior to foreclosure.

Section 2586 provides that the attornment of a tenant to a stranger shall be void, and shall not in anywise affect the possession of his landlord, unless it is made with the consent of the landlord, or pursuant to or in consequence of a judgment at law or a decree in equity or sale under execution or deed of trust, or to a mortgagee after the mortgage has been forfeited.

Section 2628 provides that grants of rents, or of reversions or remainders, shall be good and effectual without attornment of the tenants, but that no tenant who, before notice of the grant shall have paid the rent to the grantor, shall suffer any damage thereby.

It is obvious that these sections, like section 2602, are inapplicable to a lease extinguished by foreclosure under a prior mortgage.

The McFarland case, supra, which is directly in point here, was decided long after the enactment of these three sections. In that case, it is true, these sections were not discussed or referred to, but we cannot assume that the court was unmindful of them. Rather we should assume that they were not discussed or referred to because neither court nor counsel regarded them as applicable, or as in any way affecting the rule announced.

Plaintiff relies on Metropolitan Life Insurance Co. v. Childs Co., 230 N. Y. 285. That case does not support plaintiff's view.

The decisions in Kelley v. Osborn, 157 N. Y. Supp. 1100, and Jacob Reich v. Fordon, 254 N. Y. Supp. 453, also relied on by plaintiff, are out of accord with the decisions in this State, and the weight of authority elsewhere, as well.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Becker, P. J.,* and *Kane* and *McCullen, JJ.,* concur.