**Mabel KAGE, Plaintiff-Appellant,**

v.

**1795 DUNN ROAD, INC., State Bank and Trust Company of Wellston, Security Trust Company, American National Bank in St. Louis, Brentwood Bank, City Bank and North County Bank and Trust Company, Defendants-Respondents.**

**Charles EBERLE, Plaintiff-Appellant,**

v.

**1795 DUNN ROAD, INC., a Corporation, et al., Defendants-Respondents.**

Nos. 53256, 53255.

Supreme Court of Missouri, Division No. 1.

June 10, 1968.

Daniel, Raskas, Ruthmeyer & Schneider, H. Jackson Daniel, St. Louis, for appellants.

Thompson, Walther & Shewmaker, John B. Shewmaker, St. Louis, for respondents.

LAURANCE M. HYDE, Special Commissioner.

Actions for damages consolidated on appeal because same issues are involved in each. Plaintiff Kage sought $43,300.00 actual and $50,000.00 punitive damages. Plaintiff Eberle sought $18,700.00 actual and $50,000.00 punitive damages. The court entered judgments for defendants on their motions for summary judgments and plaintiffs appealed. We have jurisdiction because of the amounts involved. Art. V, Sec. 3, Const., V.A.M.S.; Sec. 477.040, RSMo, V.A.M.S.

Plaintiffs alleged they held under leases from Labor Discount Center; Kage's for fifteen years made January 2, 1964, and Eberle's for two years made July 6, 1964. Plaintiffs alleged that defendant 1795 Dunn Road, Inc., hereafter called Dunn, acting for the other defendants, foreclosed a deed of trust on November 4, 1964, stating the book and page where the deed of trust was recorded. It appears that this record shows the trust deed was recorded December 21, 1962. Plaintiffs alleged only that Dunn, taking title for all defendants, had knowledge of their leases and apparently proceeded on the theory that Dunn was obligated to continue the lease and was liable for locking plaintiffs out of the building on March 1, 1965. This is not the law. In McFarland Real Estate Co. v. Joseph Gerardi Hotel Co., 202 Mo. 597, 100 S.W. 577, 578, we said concerning the effect of the foreclosure of a prior deed of trust on a lease made subsequent to its execution and recording: "When the sale took place, it was as effectual in extinguishing all the interest of the parties to the lease as the judgment of a competent court decreeing a forfeiture would be, and leaves no legal or equitable estate in either party upon which to base legal claims. Cook v. BaSom, 164 Mo. 594, 65 S.W. 227. So it necessarily follows that the oral contract of renting entered into between the parties did not have the effect of breathing new life into the lease and thereby constitute it a written lease between them. After the sale the parties stood in the same relation to each other as if the lease had never been executed. It was thereby nullified and extinguished, and the plaintiff in error became the tenant at will of the purchaser." We reaffirmed this ruling in Sinclair Refining Co. v. Wyatt, 347 Mo. 862, 149 S.W.2d 353, 355; see also Stone v. Hammons, 347 Mo. 129, 146 S.W.2d 606, 608; S. S. Kresge Co. v. Shankman, 240 Mo. App. 639, 212 S.W.2d 794, 801. It was further held in the McFarland case (100 S.W. l.c. 578) that an oral agreement for such a lessee to continue to occupy the premises after foreclosure was converted by what is now Sec. 441.060(2), RSMo, V.A.M.S., into a month to month tenancy.

Defendants filed affidavits in support of their motions for summary judgments stating the date of the recording of the trust deed and its foreclosure; that plaintiffs were permitted by Dunn to continue during the Christmas season to occupy a portion of the undivided area of the building in which they were occupants; that on January 19, 1965 (Kage) and January 21 (Eberle) notices of termination of tenancy were served by delivery of a copy of these notices, terminating tenancy on February 28, 1965; that demands for possession after February 28, 1965, were served on each February 23, 1965; that the building was closed after February 28, 1965; and thereafter on March 2 and March 15, 1965, demands for removal of property were served on each.

Plaintiffs' opposition affidavits denied making or occupying under any oral lease or agreement, claimed occupance under their original lease; and stating: "Following the purchase at foreclosure, 1795 Dunn Road, Inc. by and through its agents, worked an attornment of plaintiffs' lease." Plaintiffs say this statement was not refuted by defendants so that an issue of fact exists as to whether an attornment continued the terms of the former lease. The fallacy of that contention is that their claim of an attornment is the statement of a legal conclusion and not the statement of any fact. Furthermore, the facts stated by defendants, not denied by plaintiffs, show there was no attornment which could continue the original lease under the law established by the cases above discussed. In Roosevelt Hotel Corporation v. Williams, 227 Mo.App. 1063, 56 S.W.2d 801, where after foreclosure of a mortgage made prior to the five-year lease involved, the issue was the effect of a claimed attornment. The court said: "It is the well-settled rule in this state and elsewhere that the foreclosure of leased premises, under a mortgage antedating the lease, nullifies and extinguishes the lease, and where, as here, the lease is of a building in a city, an attornment by the lessee to the purchaser creates a tenancy from month to month by operation of the provisions of section 2584, R.S.1929 (Mo.St.Ann. § 2584). No contract of lease which the mortgagor may make with respect to the mortgaged premises either inures to the benefit of the mortgagee or is binding on him. There is no privity of either estate or contract between the mortgagee and the lessee of the mortgagor to bind either, and the foreclosure of the mortgage avoids the lease and releases the lessee from any obligation. The tenancy created by attornment between the mortgagor's lessee and the purchaser under the foreclosure is an entirely new tenancy, and not a continuation of the old tenancy with the substitution of a new landlord. Whenever the estate which the lessor had at the time of making the lease is defeated or determined, the lease is extinguished with it."

Thus the most plaintiffs could have had under the facts of this case was a tenancy from month to month, under Sec. 441.060 (2), which was terminated February 28, 1965, by timely notice. We hold the court properly entered summary judgment.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All concur.