KANSAS CITY MORTGAGE COMPANY, Appellant,

v.

The INDUSTRIAL COMMISSION of Missouri and Division of Employment Security of Missouri, Respondents.

No. KCD 28290.

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

Samuel J. Molby, John D. Dunbar, Kansas City, for appellant.

Terry C. Allen, Dan J. Chatfield, Missouri Division of Emp. Sec., Charles B. Fain, Labor and Industrial Relations Commission of Missouri, Jefferson City, for respondents.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

Kansas City Mortgage Company appeals following a steady string of losses on the question of its liability for Plaza Point, Inc., under the Employment Security Law, Chapter 288, RSMo 1969.

A deputy in the Division of Employment Security held the Mortgage Company stood in the position of Plaza Point under Section 288.110, RSMo 1969, because he found the Mortgage Company had acquired all of the

business of Plaza Point and continued the same without interruption. The Mortgage Company appealed to an appeals tribunal of the Division which affirmed the administrative determination. The Mortgage Company then appealed to the Labor and Industrial Relations Commission which adopted the findings and conclusions of the appeals tribunal. The Mortgage Company when appealed to the circuit court of Cole County which affirmed the Commission. On this appeal the Mortgage Company contends it cannot stand in the position of Plaza Point because the date it is deemed to have acquired title under the foreclosure of a deed of trust antedates any deficiency on the part of Plaza Point. Reversed.

There is no dispute as to the facts. On June 10, 1970, Plaza Point executed a note secured by a deed of trust to the Mortgage Company. Plaza Point at the time was financing the construction of an apartment building. On January 1, 1971, Plaza Point became an employer subject to the Missouri Employment Security Law. In June, 1972, the apartment building was completed by Plaza Point and tenants began occupying the building.

On May 21, 1973, following default by Plaza Point on the note payable to the Mortgage Company, the deed of trust securing the note was foreclosed by public sale. The Mortgage Company purchased the apartment building consisting of 99 units together with parking space. Following the purchase, the Mortgage Company notified all tenants who held leases that such leases were cancelled. The Mortgage Company did not obtain any security deposits which were held by Plaza Point nor did it receive any rent payable prior to May 21, 1973. None of the employees of Plaza Point was continued by the Mortgage Company. A management firm was hired to actually operate the building.

On these facts the appeals tribunal and the Labor and Industrial Relations Commission found that on May 21, 1973, the Mortgage Company acquired substantially all of the business of Plaza Point, such business being the operation and management of an apartment complex and immediately thereafter continued such business without interruption.

■ On this appeal the findings of the Commission as to the facts, if supported by competent and substantial evidence, shall be conclusive, and the jurisdiction of this court is confined to questions of law. Section 288.210; *Beal v. Industrial Commission*, 535 S.W.2d 450[1] (Mo.App. 1975). The review in this case involves only a question of law because the facts heretofore set out are not in controversy.

Section 288.110 provides: "Any individual, type of organization or employing unit which has acquired substantially all of the business of an employer . . . and in respect to which the division finds that immediately after such change such business of the predecessor employer is continued without interruption solely by the successor, shall stand in the position of such predecessor employer in all respects . . . ."

■ It is apparent there are two requirements which must be met before the Mortgage Company can be found to stand in the position of Plaza Point. First, the Mortgage Company must have acquired substantially all of the business of Plaza Point and, second, the Mortgage Company must have continued the business of Plaza Point immediately after such acquisition without interruption.

The Mortgage Company contends it does not meet these requirements because it came into possession of the apartment building as of June 10, 1970, under the foreclosure sale, prior to any delinquency by Plaza Point.

The Commission argues the business of Plaza Point was the operation and management of the apartment building, that is, the renting of space to tenants, the collecting of rents, and the furnishing of maintenance and janitor services. The Commission states all of these things were continued by the Mortgage Company after May 21, 1973, and for that reason, the Mortgage Company acquired the business of Plaza Point. The argument concludes that because the Mort-

gage Company continued to rent apartments and collect rents, the Mortgage Company thereby continued the business of Plaza Point without interruption.

The argument advanced by the Commission overlooks the long established and undisputed rule in this State concerning the effect of the foreclosure of a deed of trust. The foreclosure sale passed title to the Mortgage Company as of the date of the deed of trust,i. e., June 10, 1970. *Brask v. Bank of St. Louis*, 533 S.W.2d 223, 227[6, 7] (Mo.App. 1975). Thus the Mortgage Company did not become the owner of the business of Plaza Point on May 21, 1973, but became the owner of the apartment building as of June 10, 1970. Further, the foreclosure of the deed of trust nullified and extinguished all leases made by Plaza Point and the lessees became tenants at will of the Mortgage Company. *Kage v. 1795 Dunn Road, Inc.*, 428 S.W.2d 735, 736[2] (Mo. 1968). The situation was as if the leases had never been executed. Under this circumstance it cannot be held the Mortgage Company met either requirement of § 288.110.

On May 21, 1973, the calendar turned back to June 10, 1970, as far as the title of the Mortgage Company was concerned and the situation became the same as if Plaza Point had never occupied the building or rented apartments therein. June 10, 1970, is also the date on which the Mortgage Company is deemed to have begun rental of apartments in the building and that date is prior to the time Plaza Point became an employer subject to the Employment Security Law. Thus, the Mortgage Company did not acquire the business of Plaza Point on May 21, 1973, but simply obtained title to the apartment building with the right to rent apartments therein with a related back date of June 10, 1970.

Further, the extinguishment of all leases and the conversion of all tenants to tenants at will does not constitute the continuation of Plaza Point's business of renting apartments. For the Mortgage Compa-

ny to have continued the business without interruption, it would have become a substituted landlord on all leases. This is not possible following a foreclosure sale. *Kage, supra*, at 737.

In addition the Mortgage Company did not continue in its employ any Plaza Point employees, did not receive any rent for any period prior to its actual occupancy of the building, and did not receive any security deposits from Plaza Point. All of this firmly rebuts any legal conclusion that the Mortgage Company continued the business of Plaza Point.

Because the Mortgage Company did not acquire substantially all of the business of Plaza Point and continue the same without interruption, the finding of the Labor and Industrial Relations Commission is contrary to law. The Mortgage Company does not stand in the position of Plaza Point under the Employment Security Law. The judgment is reversed.

All concur.