**P.M.K., INCORPORATED, Respondent,**

v.

**FOLSOM HEIGHTS DEVELOPMENT CO., Appellant.**

**No. WD 35901.**

Missouri Court of Appeals, Western District.

June 4, 1985.

Stephen G. Mirakian, Kansas City, for appellant.

Russell S. Jones, Kansas City, for respondent.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff had judgment against the defendant in a court-tried case for $8,325, including $6,750 · in "security deposits" made by apartment tenants, and $1,575 rental collected by defendant between January 19 and February 10, 1982. Defendant appeals.

From the sparse record we have before us, we gather the following facts:

Folsom Heights Development Company on October 2, 1980, executed to plaintiff P.M.K., Incorporated, a promissory note for the sum of $530,000, secured by a deed of trust upon a certain apartment complex in Kansas City, Missouri. There is some indication in the record that the property was purchased from P.M.K. and that the note and deed of trust were for purchase money. The promisors defaulted and the property was sold by the trustee in foreclosure on January 19, 1982. Plaintiff P.M.K. was the purchaser. A notice of redemption, Section 443.410 et seq., RSMo 1978, postponed the purchaser's possession to February 10, 1982. During this 20-day period between the foreclosure sale and the date upon which plaintiff P.M.K. received possession of the property, defendant Folsom Heights collected the $1,575 rental mentioned above.

During the 28-month period of Folsom Heights' possession of the apartment complex it had collected from tenants who were still occupying apartments at the time P.M.K. gained possession after foreclosure, and who continued to occupy as tenants of P.M.K., "security deposits" (not further defined or described) totaling $6,750.

This sum represented $225 from each of 30 tenants.

· P.M.K. sues Folsom Heights for the sum of the security deposits, plus the amount of the rental collected during the 20-day redemption period. Folsom Heights does not claim to be entitled to retain the security deposits, but says it owes them to the tenants and not to P.M.K.

■ There is no doubt (as a general proposition, and absent some contractual provision varying therefrom) that if the leases were entered into after the deed of trust, as we gather that they were, the leases were subject to the deed of trust. The sale of the property under foreclosure brought the leases to an end. The purchasers at the foreclosure sale were not parties to the leases and were not bound thereby. The continued occupancy of the tenants (if lawful) after the foreclosure was under a new contractual arrangement, express or implied, with the new owners. *Kansas*

*City Mortgage Co. v. Industrial Commission*, 555 S.W.2d 58 (Mo.App.1977); *S.S. Kresge Co. v. Shankman*, 240 Mo.App. 639, 212 S.W.2d 794 (1948).

The security deposits were paid to Folsom Heights under terms of leases entered into with Folsom Heights. There is no evidence in this record of any assignment by Folsom Heights to P.M.K. of the security deposits.[1] There is nothing which releases Folsom Heights from liability to the tenants, and nothing to make P.M.K. liable to the tenants for the return of the security deposits. Presumably neither the leases nor the deed of trust have any such effect, for these documents were not presented to the trial court nor to us.

> The landlord's covenant to return the deposit is a personal one, which exists by virtue of privity of contract, and does not run with the land, and which may continue, even though the landlord transfers the reversion, unless the landlord is discharged from liability by an express agreement.

52 C.J.S., Landlord & Tenant, Sec. 473(2) a (1968).

If the trial court judgment is affirmed, and if Folsom Heights pays the amount of the security deposits to P.M.K., Folsom Heights will not thereby be relieved from liability to the tenants. The tenants will not be obliged to look to P.M.K. for refund of the deposits; they may still look to Folsom Heights. 52 C.J.S., Landlord & Tenant, Sec. 473(2) b (1968).

With respect to the portion of the judgment for rentals collected by Folsom Heights during the 20-day period when they were kept from possession, there is no dispute between the parties, and P.M.K. is entitled to their recovery.

Judgment reversed as to the $6,750 for the security deposits, and affirmed as to the rentals in the sum of $1,575. Cause remanded for the entry of a new judgment for plaintiff in the amount of $1,575.

All concur.

---

1. As to the grantee's (P.M.K.'s) having the *benefit* of the security deposits in case of breach by the tenant, see 52 C.J.S., Landlord & Tenant, Sec. 473(2) b (1968).