**CITY BANK AND TRUST COMPANY OF MOBERLY, Missouri, Respondent,**

v.

**David THOMAS, Appellant,**

v.

**Ronald KIMMERLING, Respondent.**

**No. 52082.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 30, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Charles E. Rendlen, Hannibal, for appellant.

Ronald R. McMillin, Jefferson City, for City Bank.

Kenneth D. Kyser, Moberly, for Kimmerling.

CRIST, Judge.

Appellant (lessee) appeals the sustentation of summary judgments in favor of respondents City Bank and Trust Company of Moberly, Missouri (bank) and Ronald Kimmerling (bank's lessee). We affirm.

On May 14, 1979, Miller Farms, Inc., owner of the farmland in question, gave the Prudential Insurance Company a first deed of trust on the land to secure a note. This deed of trust was recorded on May 17, 1979. On August 12, 1983, the land was sold to James R. Black. Black assumed the Prudential note and bank financed the purchase price and took a second deed of trust on the land.

Lessee began negotiating with Black to lease the land. Lessee found there may have been a problem on the loans and contacted bank. He was told by bank personnel there were problems with the loan and he should not rent the land. On November 23, 1983, Black leased the land to lessee.

According to his deposition, lessee contacted bank before signing the lease and was told Black was not in default on the second mortgage and it was Black's land. This lease was recorded on the same date. Lessee paid Black $5,525 as the first of four quarterly cash installments on the lease.

As to the first mortgage, lessee only had Black's assurances that Prudential would not require payment until January of 1985. Lessee "assumed things had been taken care of" and rented the farm. In fact, Prudential had been willing to grant an extension of time if it received $2,500 by January 15, 1984. This payment was not made and Black was in default.

On March 14, 1984, bank purchased the Prudential note and reserved an assignment of Prudential's first mortgage. In late March lessee was informed of bank's plans to foreclose and was advised not to pay any more rent to Black. Lessee also knew bank did not intend for lessee to farm the land if foreclosed. In spite of the warnings, lessee made the second payment to Black.

On May 11, 1984, the land was sold at a foreclosure sale on the first mortgage. Lessee had notice of and was present at the sale and was told he would not be allowed to farm the land. Lessee had not planted any crops at the time of the foreclosure. On May 16, lessee planted three and one-half acres of the land using the no-till method. Bank's lessee, in planting his own crops, plowed under lessee's work.

Bank filed a petition of ejectment asking that lessee be ejected from the land which it had purchased at the foreclosure sale. Lessee counterclaimed in three counts sounding in ejectment, trespass and tortious interference of contract, with a separate claim for punitive damages. Lessee later filed an amendment to add an equity count. Bank's lessee was brought in as a party by lessee.

■ Lessee asserts summary judgment was improper because bank foreclosed upon a note and deed of trust which it acquired and recorded months after lessee had acquired and recorded his agricultural lease on the same land. An assignee of a note and deed of trust is vested with all interests, rights and powers possessed by the assignor in the mortgaged property. *St. Louis Mut. Life Ins. Co. v. Walter,* 329 Mo. 715, 46 S.W.2d 166, 169–70[1] (1931). The sale and conveyance of property under a foreclosure of a deed of trust passes title as held by the mortgagor as of the date of the deed of trust. *Kansas City Mortgage Co. v. Industrial Commission,* 555 S.W.2d 58 (Mo.App.1977). The sale of property under a deed of trust which ante-dates a lease extinguishes the lease and leaves no estate in either party on which to base a legal claim. *Kage v. Dunn Road, Inc.,* 428 S.W.2d 735 (Mo.1968); *P.M.K., Inc. v. Folsom Heights Development Co.,* 692 S.W.2d 395, 396[2] (Mo.App.1985).

The deed of trust upon which bank foreclosed was dated May 14, 1979. The lease was dated November 23, 1983. Since the deed of trust antedated the lease, the lease was extinguished by the foreclosure and lessee was left with nothing on which to base a legal claim to the property.

Since ejectment is grounded in a party's immediate right to possession of the land, § 524.080, RSMo 1986, and since lessee had no rights in the land as of the date of the foreclosure, lessee's action in ejectment could not be maintained.

■ Likewise, an action in trespass is based on a violation of possession and the party making the claim must have the legal right to possession to support an action. *Evans v. Hamling,* 637 S.W.2d 746 (Mo. App.1982). Since lessee had no legal right to the property as of the date of foreclosure, his action in trespass could not be maintained against either bank or its lessee.

■ Lessee's action for tortious interference with a contract was also based on the lease. As there was no lease as of the date of foreclosure, there was no contract with which bank or its lessee could interfere.

Lessee further asserts bank is estopped from asserting a priority interest because bank misrepresented to lessee that Black was not in default and promised no fore-

closure would occur on Prudential's note until at least January of 1985. The record does not bear out this assertion. While Black made such statements, the record does not show that bank did so. Lessee's deposition shows bank never made any representations concerning the note held by Prudential. Any alleged representations concerning the second mortgage are irrelevant because bank did not foreclose on that note.

Lessee also asserts his lease was improperly terminated as being contrary to § 443.-290, RSMo 1986. This section refers to growing crops. Since no crops were planted until five days after the foreclosure, this section is inapplicable.

Judgment affirmed.

DOWD, P.J., and SIMEONE, Senior Judge, concur.